IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

RODNEY ALLEN COLLINS,           :
                                :
    Plaintiff,                  :
                                :
vs.                             :      CIVIL ACTION 09-0819-M
                                :
MICHAEL J. ASTRUE,              :
Commission of Social Security,  :
                                :
    Defendant.                  :

MEMORANDUM OPINION AND ORDER

In this action under 42 U.S.C. §§ 405(g) and 1383(c)(3), Plaintiff seeks judicial review of an adverse social security ruling which denied claims for disability insurance benefits and Supplemental Security Income (hereinafter *SSI*) (Docs. 1, 16). The Parties filed written consent and this action has been referred to the undersigned Magistrate Judge to conduct all proceedings and order the entry of judgment in accordance with 28 U.S.C. § 636(c) and Fed.R.Civ.P. 73 (*see* Doc. 20). Oral argument was waived in this action orally by counsel just prior to the hearing on June 21, 2010 and it was cancelled. Upon consideration of the administrative record and the memoranda of the parties, it is ORDERED that the decision of the Commissioner be **REVERSED** and that this action be **REMANDED** for further action not inconsistent with the Orders of this Court.

This Court is not free to reweigh the evidence or substitute its judgment for that of the Secretary of Health and Human Services, *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983), which must be supported by substantial evidence. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). The substantial evidence test requires "that the decision under review be supported by evidence sufficient to just a reasoning mind in accepting it; it is more than a scintilla, but less than a preponderance." *Brady v. Heckler*, 724 F.2d 914, 918 (11th Cir. 1984) (*quoting Jones v. Schweiker*, 551 F.Supp. 205 (D. Md. 1982)).

At the time of the administrative hearing, Plaintiff was forty-five years old, had completed special education classes through the tenth grade (Tr. 24), and had previous work experience as a furniture deliveryman, painter, production assembler, and tire changer (*see* Tr. 48). In claiming benefits, Plaintiff alleges disability due to bipolar disorder and coronary artery disease (Doc. 16 Fact Sheet).

The Plaintiff filed applications for disability benefits and SSI on February 10, 2006 (Tr. 83-90). Benefits were denied following a hearing by an Administrative Law Judge (ALJ) who determined that Collins was capable of performing his past relevant work as a production assembler (Tr. 399-418).

Plaintiff requested review of the hearing decision (Tr. 68) by the Appeals Council, but it was denied (Tr. 1-5).

Plaintiff claims that the opinion of the ALJ is not supported by substantial evidence.  Specifically, Collins alleges that:  (1) The ALJ did not properly consider the opinions and conclusions of the treating physician; and (2) the ALJ relied on a non-examining, non-medical source in reaching a determination regarding Plaintiff's residual functional capacity (hereinafter *RFC*) (Doc. 16).  Defendant has responded to, and denies, these claims (Doc. 17).  The relevant[1] medical evidence of record follows.

On June 28, 2006, a State Agency Disability Specialist completed a residual functional capacity assessment which indicated that Plaintiff was able to lift up to twenty pounds occasionally and ten pounds frequently (Tr. 300-06).  Collins would be capable of sitting, standing, or walking for six hours in an eight-hour day and use hand or foot controls on an unlimited basis.  There would be no limitations in climbing, balancing, stooping, kneeling, crouching, crawling, or reaching.

---

[1]The Court notes that a good measure of the transcript concerns evidence which relates to psychological impairments or Collins's dependence on narcotics or alcohol.  As these impairments are not the focus of Plaintiff's claims, this evidence will not be summarized herein.

On January 5, 2007, Dr. Glenn A. Cochran, Plaintiff's treating cardiologist, wrote the following in a letter:

> Mr. Collins is a 43 year old gentleman with a history of coronary artery disease, who underwent coronary artery bypass graft surgery in November, 2005. Since that time, he has faired not as well as we would like developing an ischemic cardiomyopathy with left ventricular ejection fraction 45%. This is below the accepted normal range of 55-75%. Additionally, the symptoms that he describes are of Class II/III New York Heart Association heart failure. He has marked shortness of breath and dyspnea on exertion with normal activities. He is able to do the activities of daily living without much difficulty.
>
> After seeing Mr. Collins and reviewing his file, I have to say if he is in a position that requires him to be on his feet for more than two to three hours throughout an eight hour period, I do not believe that he would be able to do this. He is able to sit if needed.

(Tr. 324). On that same date,[2] the Cardiologist completed a physical capacities evaluation in which he indicated that Plaintiff could sit for eight hours and stand/walk for zero-to-

---

[2]This form would seem to be dated January 5, 2002 rather than 2007, but the ALJ states that it is 2007 which seems consistent with what the attorneys have argued (Tr. 207; *cf*. Tr. 415; Doc. 16, p. 8; Doc. 17, p. 4). Further support for the latter date comes from the form itself which states that Collins has been capable of the abilities indicated since November 2005.

one hour at a time while capable of sitting for eight hours and standing or walking for two-to-three hours during an eight-hour day (Tr. 207).  Dr. Cochran found Collins could lift up to ten pounds for eight hours a day, twenty pounds for seven hours, twenty-five pounds for four hours, and fifty pounds for two hours; Plaintiff was capable of carrying up to ten pounds for eight hours a day, twenty pounds for five hours, twenty-five pounds for three hours, and fifty pounds for one hour.  Collins was capable of using his arms and legs for pushing and pulling of controls; he could bend for four hours, squat for three hours, and crawl, climb, or reach for two hours during an eight-hour day.  The Cardiologist went on to note that Plaintiff could work eight hours a day, forty hours a week on a sustained basis with these limitations without missing more than two days of work per month (Tr. 207).  In a heart questionnaire, Dr. Cochran indicated that Collins had moderate limitation in performing work activity and that he should elevate his legs for two hours during the day (Tr. 208).  On that same form, the Cardiologist declined to answer a question as to whether Plaintiff could maintain work activity for an eight-hour workday.

Collins testified at the administrative hearing that because of heart damage, he could not walk a lot and could not lift (Tr. 32).  He could lift twenty pounds, but it tired him out easily (*id.*); Collins thought he could work if he did not

have to lift more than twenty pounds (Tr. 42). Lifting his arms above his head caused him to tire easily; he could walk for twenty minutes (Tr. 33). During the day, Plaintiff cleaned house, sometimes cooked and did laundry; he does not cut the grass on his three-quarters acre lot because he cannot push the mower (Tr. 37). Plaintiff elevates his legs in a recliner for about six hours every day (Tr. 46).

A Vocational Expert (hereinafter *VE*) testified that one of Collins's previous jobs was as a production assembler, which was light, unskilled work which required no reading or following written instructions (Tr. 48-49). The VE also stated, when questioned by the ALJ, that if Plaintiff was able to function at a light level and perform simple, routine, repetitive tasks, he would be able to perform his past work as a production assembler (Tr. 49). Upon questioning by Collins's attorney, the VE stated that the limitations found by Dr. Cochran would limit Plaintiff to sedentary work, eliminating the production assembler position (Tr. 50).

In his determination, the ALJ found that Collins was capable of performing unskilled, light work[3] (Tr. 408). He

---

[3]"Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a
   (Continued)

particularly found that Plaintiff could occasionally lift and carry twenty pounds and frequently lift/carry ten pounds and could sit and stand or walk for six hours per day.  The ALJ found that Plaintiff's "statements concerning the intensity, persistence and limiting effects" of his impairments were not credible (Tr. 410).[4]  The ALJ also found Dr. Cochran's opinion to be internally inconsistent (Tr. 416).  More specifically, the ALJ stated as follows:

> Dr. Cochran found that during an eight-hour day the claimant has the ability to use his arms and hands for repetitive actions such as simple grasping, pushing and pulling of arm controls, and fine manipulation.  The undersigned finds that this is inconsistent with Dr. Cochran's two hour restriction on reaching.  Dr. Cochran further found that the claimant is able to carry 6 to 10 pounds

---

job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls.  To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities.  If someone can do light work, we determine that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time."  20 C.F.R. § 404.1567(b) (2009).

[4]Plaintiff has not challenged this finding.

>           for eight hours.  Therefore, it would be
>           reasonable to presume that the claimant
>           could walk during that period of time.  *This
>           is further inconsistent with the claimant's*
>           ability to only stand/walk for two to three
>           hours in an eight hour day.  Dr. Cochran
>           further found that the claimant is able to
>           lift 21 to 25 pounds for four hours and 25
>           to 50 pounds for two hours, which is
>           sufficient for a full range of light work.
>           Furthermore, Dr. Cochran indicated that the
>           claimant has the ability to carry for up to
>           five hours in an eight-hour day.  Therefore,
>           it would be reasonable assumed [sic] that he
>           is able to stand/walk for those five hours.
>           These inconsistencies are further supported
>           by vocational expert testimony.
>           Furthermore, the undersigned *finds it
>           significant that* Dr. Cochran indicated that
>           he had no opinion on whether the claimant
>           could maintain work activity for an eight-
>           hour workday.  For these reasons, the
>           undersigned finds Dr. Cochran's opinion to
>           be less than fully credible, assigns little
>           weight, and, otherwise, find it not to be
>           persuasive.

(Tr. 416) (emphasis in original).  The ALJ found that the opinion of the State Agency Disability Specialist supported his own finding that Collins was capable of performing light work (Tr. 417).

Plaintiff has raised two claims in bringing this action. Those claims, paraphrased, are that the ALJ, in reaching a determination regarding Plaintiff's RFC, improperly discounted the opinions and conclusions of Cardiologist Dr. Cochran, the treating physician, while relying on the opinion of a non-medical, non-examining source.

It should be noted that "although the opinion of an examining physician is generally entitled to more weight than the opinion of a non-examining physician, the ALJ is free to reject the opinion of any physician when the evidence supports a contrary conclusion." *Oldham v. Schweiker*, 660 F.2d 1078, 1084 (5th Cir. 1981);[5] *see also* 20 C.F.R. § 404.1527 (2009). The Court notes, though, that while the ALJ is responsible for determining a claimant's RFC, *see* 20 C.F.R. § 404.1546 (2009), the Eleventh Circuit Court of Appeals has held that the opinion of a non-examining physician "is entitled to little weight and taken alone does not constitute substantial evidence to support an administrative decision." *Swindle v. Sullivan*, 914 F.2d 222, 226 n.3 (11th Cir. 1990) (*citing Broughton v. Heckler*, 776 F.2d 960, 962 (11th Cir. 1985)).

The Court finds no support for Collins's claim that the ALJ improperly discounted Dr. Cochran's opinions as the ALJ has shown internal inconsistencies in the Cardiologist's conclusions. However, there were only two sources of evidence in the record which concerned Collins's physical abilities. The

---

[5]The Eleventh Circuit, in the *en banc* decision *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981), adopted as precedent decisions of the former Fifth Circuit rendered prior to October 1, 1981.

elimination of the Cardiologist's conclusions left the ALJ with an RFC which has only support from a non-examining, non-medical source.  This "alone does not constitute substantial evidence to support an administrative decision." *Swindle*, 914 F.2d at 226 n.3.

Based on review of the entire record, the Court finds that the Commissioner's decision is not supported by substantial evidence.  Therefore, it is **ORDERED** that the action be **REVERSED** and **REMANDED** to the Social Security Administration for further administrative proceedings consistent with this opinion, to include, at a minimum, a supplemental hearing for the gathering of evidence regarding Plaintiff's ability to work.  For further procedures not inconsistent with this Order, see *Shalala v. Schaefer*, 509 U.S. 292 (1993).

DONE this 22nd day of June, 2010.

<u>s/BERT W. MILLING, JR.</u>
UNITED STATES MAGISTRATE JUDGE